UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CESAR CERVANTES, | ) | |
| | ) | |
| Plaintiff, *pro se*, | ) | 12-2202 |
| | ) | |
| v. | ) | |
| | ) | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, and ROBERT BUTTERFIELD, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

The plaintiff, Cesar Cervantes, is in custody at the Danville Correctional Center, Danville, Illinois, on his conviction for violation of Illinois law.[1] He commenced this action with a document entitled "motion to strike and/or object to deportation." Typically a complaint is the first document filed in a newly-commenced case, but the court is not permitted to refuse a *pro se* litigant's initial submission simply because it is labeled something other than a complaint. See *Bahler v. Lopez*, 231 Fed. Appx. 500 (7th Cir. 2007). However, when a *pro se* plaintiff submits a non-standard complaint, critical information is often missing. The standard complaint form guides the plaintiff into providing the information needed to assess the plaintiff's claims. Consequently, the case was opened on receipt of the motion to strike and/or object to deportation, but Cervantes was ordered to file a complaint on the proper form. He filed the complaint [6] on August 14, 2012. Cervantes also filed a motion to appoint counsel [4].

Cervantes alleges that he was taken into custody and placed at the Cook County Department of Corrections in Chicago, Illinois in September 2006. Defendant Robert Butterfield, a special agent with United States Immigration & Customs Enforcement ("ICE"), issued an immigration detainer on September 9, 2006. The detainer indicates that an investigation had been initiated to determine whether Cervantes was subject to removal from the United States. The form indicates that Cervantes was from Mexico. Cervantes claims that he did not learn of the detainer until May 2009, at which time he started writing to ICE to have the detainer cancelled. ICE never responded. Cervantes asserts that he is a United States citizen,

---

[1] Cervantes states in his response to the defendants' motion that he is incarcerated for drug trafficking and at the time was involved in a wide range of activities that involved crossing international borders and state lines. *See* d/e 27, p. 5.

1

born in the United States, and that ICE issued this detainer through the use of racial profiling.[2] He also claims that it has been an additional punishment and burden to his sentence because he was denied privileges, classifications and clearances needed to obtain certain jobs and transfers to drug treatment facilities.  It has also restrained him from obtaining the Automotive Service Excellence (ASE) certification and working as a teacher's aide in his automotive class.  It also places him in danger of being removed from the United States when he is released from prison. Cervantes asks that the detainer be removed.  He also asks for compensatory damages of $1,000 per day since the issuance of the detainer, punitive damages, injunctive, declaratory or other relief, and attorney's fees, court costs and reasonable expenses.

The detainer is attached to Cervantes' motion, d/e1-1.  Cervantes also attaches documents reflecting his honorable discharge in 1999 after eight years with the United States Army Reserve.

ICE and Special Agent Butterfield filed an answer and affirmative defenses [15].  The defendants were ordered to put their defenses in the form of a motion, and on November 16, 2012, they filed a motion for summary judgment and for dismissal [16].  Cervantes filed a motion for extension of time to respond [20], which was granted.  Cervantes was given until January 12, 2013, to respond, but on December 6, 2012, he filed a motion to amend his complaint [23], along with a proposed amended complaint.  The defendants objected to the motion [24]. Cervantes responded to the objection, and in the same document sought leave to conduct discovery [25].  The defendants objected to the motion for leave to conduct discovery [26].  Cervantes then filed an objection [27] to the pending motion for summary judgment/dismissal, and the defendants filed a reply to their motion for summary judgment/dismissal [28].

The operative complaint is the properly filed complaint [6].  The court must construe liberally a *pro se* litigant's complaint.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where, as here, the *pro se* plaintiff has attached documents to his various pleadings and responses, the court reviews all of the attachments to ensure that all pertinent documents are considered and not overlooked.

## ANALYSIS

To determine whether a complaint should be dismissed, a court must accept the plaintiff's well-pled allegations as true and draw reasonable inferences in the plaintiff's favor. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).  Dismissal is appropriate when there

---

[2] Racial profiling is a legal conclusion, not a fact. Cervantes provides several pages of a Cook County Circuit Court proceeding on September 9, 2006.  Cervantes had several co-defendants; an interpreter was requested, and apparently Cervantes was the only one who answered that he could speak English and was a United States citizen. Immigration officials were not bound to take his word for it without checking further.

are not "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  From the complaint, the court must separate facts from legal conclusions, and determine if the facts alleged plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  The determination of plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).  Cervantes attached to his initial "motion" [1] a copy of the detainer, which clearly states that the detainer "*is for notification purposes only and does not limit [the correctional facility's] discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.*"  *See* d/e 1-1.  Consequently, if Cervantes was restricted from certain programs or assignments because of the detainer, it was at the discretion of the Illinois Department of Corrections.  The only defendants in this case are a federal special agent and Immigration and Customs Enforcement.  On that basis alone, he has pleaded himself out of court.

Moreover, the allegations show that Cervantes sent a number of letters to ICE in Chicago, but they were returned undelivered.  The reason, the defendants explain, is that ICE moved its offices to a different address.  The detainer reflects an address on West Jackson Blvd. in Chicago, but ICE later moved its Chicago office to Oakbrook Terrace, Illinois.  The court does not doubt that Cervantes may have been diligent in his efforts to reach the Chicago ICE office by mail, but when the first such mailing was returned undelivered, it was futile to repeatedly mail ICE at that address.  A grievance filed with I.D.O.C. in May 2012 was denied as untimely, noting that beginning in August 2009 Cervantes was instructed several times to contact ICE and was given an address to do so. *See* d/e 27-1, pp. 19-21. Whether I.D.O.C. employees gave him the correct address is questionable, but the fault, if any, is not with ICE.

The defendants argue that Cervantes' claim fails for other reasons.  "The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit*.*" *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012).  If the United States has consented to be sued, the Federal Tort Claims Act (FTCA) applies.  The FTCA waives sovereign immunity for a federal investigative or law enforcement officer's conduct under certain circumstances. *Liranzo*, 690 F.3d at 85.  An FTCA administrative claim must be filed in writing within two years after the claim accrues. *See Jastremski v. United States*, 737 F.2d 666, 669 (7th Cir. 1984).  Generally, a claim accrues at the time of the plaintiff's injury. *Attallah v. United States*, 955 F.2d 776, 779 (1st Cir. 1992).  Here, Cervantes' claim accrued when he learned of the detainer in May 2009.  He did not file an FTCA claim within two years thereafter.  The filing and denial of an FTCA administrative claim is a prerequisite to the filing of an FTCA lawsuit in federal court. *Rush v. Lock*, 19 Fed. Appx. 416, 419 (7th Cir. 2001).  Because Cervantes did not file an FTCA claim, the court must grant the defendants' motion to dismiss.

The filing of this lawsuit did get the government's attention, however – which is what Cervantes sought through his repeated letters to ICE and the commencement of this suit.  On September 28, 2012, Danville Correctional Center was asked to cancel Cervantes' immigration detainer.  The records department at Danville Correctional Center removed and cancelled Cervantes' detainer on October 2, 2012.  Consequently, there is no longer a case or controversy before the court, and the original complaint must be dismissed.

Nonetheless, Cervantes wishes to file an amended complaint seeking "(1) nominal damages in the amount the court may see fit; (2) compensatory damages in the amount the court or jury may see fit for injuries, damages, emotional harm, pain and suffering, loss of enjoyment of life and adverse consequences created by issuing and maintaining the detainer; [and] (4) punitive damages in the amount of $1,000,000."  Damages are common tort remedies; however, Cervantes did not exhaust his claim through the FTCA so those remedies are unavailable to him. Cervantes also seeks "(3) the dismissal of Special Agent Butterfield without benefits; [and] (5) any injunctive [or] or declaratory [relief] or other reasonable expenses as authorized by 42 U.S.C. § 1988."  The detainer has been removed, therefore he is not entitled to injunctive relief. Finally, the dismissal without benefits of Special Agent Butterfield is beyond this court's power to grant. The amendment would be futile.  Therefore, the motion to amend [23] is denied.

## CONCLUSION

For the foregoing reasons, the motion to strike and/or object to deportation [1] is moot. The motion to appoint counsel [4] is denied.  The motion for dismissal [16] is granted, mooting the motion for summary judgment. The motion to amend [23] is denied.  This case is terminated. The parties shall bear their own costs.

Entered this 26th day of March, 2013.

**/s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE