UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CESAR CERVANTES, | ) | |
| | ) | |
| Plaintiff, | ) | 12-2202 |
| | ) | |
| v. | ) | |
| | ) | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT and ROBERT BUTTERFIELD, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The plaintiff, Cesar Cervantes, has filed a motion to reconsider judgment. The judgment was entered on March 26, 2013, and the motion was filed on April 22, 2013. The court construes this as a timely motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment.[1]

Cervantes commenced this action on August 7, 2012. He alleged that he was taken into custody and placed at the Cook County Department of Corrections in Chicago, Illinois, in September 2006. Defendant Robert Butterfield, a special agent with the United States Immigration and Customs Enforcement ("ICE") issued an immigration detainer on September 9, 2006. The detainer indicated that an investigation had been initiated to determine whether Cervantes was subject to removal from the United States. The form indicated that Cervantes was from Mexico. Cervantes, a citizen of the United States, did not learn of the detainer until May 2009, when he was placed in the custody of the Illinois Department of Corrections ("I.D.O.C."). At that point, he started writing to ICE to have the detainer cancelled. ICE never responded; its offices had moved to a different location by that time, and Cervantes' letters were returned undelivered. Cervantes claims that the detainer was an additional punishment and burden to his sentence because he was denied privileges, classifications, and clearances needed to obtain certain jobs and assignments while in I.D.O.C. custody.

The detainer states that it "*is for notification purposes only and does not limit [the correctional facility's] discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.*" Nonetheless, Cervantes alleges that I.D.O.C. used the detainer to restrict certain opportunities that might have otherwise been made available to him. The defendants are not at fault for I.D.O.C.'s use of the detainer to make those discretionary decisions.

---

[1] The court disagrees with the defendants that the motion cannot be considered a Rule 59 motion. The court must read broadly a pro se litigant's filing. *Obriecht v. Raemisch*, 517 F.3d 489 (7th Cir. 2008). A motion need not be meritorious to be construed as a Rule 59(e) motion.

Cervantes complains that ICE should have determined much sooner that he was not subject to deportation, and should have cancelled the detainer. In his motion for reconsideration, he argues that the court should have addressed whether ICE has the right to label citizens as aliens without due process. The court need not address the merit of this argument because the claim is clearly untimely. The limitations period applicable to *Bivens* and 42 U.S.C. § 1983 claims is two years. *United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010). The limitation period begins to run when the plaintiff learns he has been injured, and by whom. *Norwood*, 602 F.3d at 837. In Cervantes' case, his limitation period began to run in May 2009 when he learned about the detainer. Cervantes claims that I.D.O.C. did not give him a copy of the detainer until August 31, 2010. However, the complaint [6] states that Cervantes "became aware of the detainer/hold in May of 2009, at which time [he] started writing ICE to resolve the issue." Compl., p. 4. He commenced his lawsuit more than three years later, in August 2012.

If Cervantes had a civil claim against the United States, he would have had to file a claim under the Federal Tort Claims Act ("FTCA") before filing a lawsuit in this court. He did not do so, and the time for him to do so has passed, as the court explained in its order [30]. Cervantes explains that he did not have access to information to learn about the FTCA. That he was unaware of the FTCA requirement, by itself, does not excuse his failure to meet that requirement. *See Bartus v. United States,* 930 F. Supp. 679, 682 (D. Mass. 1996) (tolling the limitation period where plaintiff was unaware of FTCA requirement *and* the VA had unintentionally misled plaintiff into believing he had filed proper forms to assert his claim).

The motion for reconsideration under Rule 59(e) [32] is denied.

Cervantes also asks that if the motion for reconsideration is not granted, that it be construed as a motion for extension of time to file an appeal. The court need not construe the motion as such, because Cervantes has filed a separate motion for extension of time to file an appeal [33]. He requests an extension of time, to and including May 26, 2013, to file the notice of appeal. The motion is unnecessary. Under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), the time to file an appeal runs from the entry of the court's ruling on Cervantes' Rule 59 motion. The court has now denied that motion; therefore, the time to file an appeal runs from today's date.

The motion for extension of time to file an appeal [33] is moot.

Entered this 30th day of April, 2013.

                                              **s/Harold A. Baker**
                                      _____
                                              HAROLD A. BAKER
                                    UNITED STATES DISTRICT JUDGE